IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CARLOS B. HOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-2691-DP |
| | ) | |
| CITY OF MEMPHIS, OFFICER ANDRE NELSON, Individually and in his official capacity; and OFFICER TINA LEBORGNE, Individually and in her official capacity. | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

This matter is before the Court on the motions of Defendants City of Memphis (dkt. #26), Officer Andre Nelson ("Nelson"), and Officer Tina LeBorgne ("LeBorgne") (collectively "Defendants") (dkt. #28) to dismiss the complaint of Plaintiff, Carlos B. Hobson ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In his complaint, Plaintiff alleged claims under 1) 42 U.S.C. § 1983, 2) the Tennessee Governmental Tort Liability Act ("GTLA"), as well as 3) a state law claim of assault and battery.

In its motion to dismiss, Defendant City of Memphis alleged that Plaintiff does not have a cause of action under the Fifth and Fourteenth Amendments and that the Tennessee courts have original jurisdiction for a claim under the GTLA. Thus, supplemental jurisdiction for Plaintiff's state law claims should be denied. Additionally, Defendant City of Memphis asserts that immunity bars Plaintiff's claim for negligence and assault and battery, and that punitive damages cannot be

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

recovered against government entities. Defendants' LeBorgne's and Nelson's motion to dismiss raises the defense of qualified immunity for both federal and state law claims.

On September 2, 2004, Plaintiff brought an action in this Court. On April 28, 2004, Defendants filed the instant motion to dismiss, asserting that Plaintiff has not stated a claim on which relief can be granted. Plaintiff filed responses to Defendants' motions on August 31, 2005. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. For the following reasons, the Court grants in part and denies in part Defendants' motions to dismiss.

## I. FACTUAL BACKGROUND[1]

On or about 6:20 a.m. on September 7, 2003, Defendant, LeBorgne, knocked at Plaintiff's residence to investigate a barking dog complaint. Plaintiff denied that his dog was the subject of the complaint, as his dog had been inside his home for the past 45 minutes. Officer LeBorgne requested permission to come on to the property and search for the dog. Plaintiff refused and asked the officer to leave. After an allegedly hostile verbal exchange between Plaintiff and LeBorgne, Plaintiff advised the officer that he would call his attorney regarding his right to refuse to talk to LeBorgne. Plaintiff then closed his door.

After Plaintiff phoned his attorney and received his voicemail, Plaintiff returned to the door. In addition to LeBorgne, two other officers, including Nelson, approached the door. Nelson began to question Plaintiff. Plaintiff began to speak but was interrupted by LeBorgne. Nelson asked Plaintiff if he was "Carlos Hobson from Orange Mound." Compl. ¶ 2. Plaintiff responded that he was Carlos Hobson but that he was not "affiliated with any particular community." Id. Nelson then told Plaintiff that he would arrest him. Plaintiff raised his hands in disbelief and asked "for what?"

---

[1]The factual allegations are taken from Plaintiff's complaint and presumed to be true for purposes of the instant motion only.

2

Id. Nelson then grabbed Plaintiff's right hand, pulling him out of his doorway and allegedly threw him face forward against Plaintiff's car. Nelson placed a handcuff on Plaintiff's right wrist, put him on the ground, and placed a cuff on Plaintiff's left wrist. Upon walking Plaintiff to the police car, Nelson told LeBorgne to pepper spray Plaintiff. She sprayed Plaintiff in his eyes and again in his mouth. On the way to the police station, Nelson allegedly told Plaintiff that their use of force was necessary because if "word got out that the police had to leave my house that everyone would be talking about them and disrespecting them." Id.

## II. LEGAL STANDARD

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke, 490 U.S. at 326-27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Thus, even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that

3

the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436-37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. Nietzke, 490 U.S. at 327; Murphy v. Sofamor Danek Group, Inc., 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis, 135 F.3d at 405-06.

## III. ANALYSIS

### A. Section 1983

Plaintiff alleges that the Defendants used excessive force and, thus, violated his Fourth, Fifth, and Fourteenth Amendment Constitutional rights pursuant to 42 U.S.C. § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. This provision "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386,

4

393-94 (1989), citing Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). The Fourth Amendment grants all persons protection against unreasonable searches and seizures. Specifically, it provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, *but upon probable cause*, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amendment IV (emphasis added). This grant "provides an explicit textual source of constitutional protection" whether the violator is a local official or a federal officer. Graham, 490 U.S. at 395. In analyzing § 1983 claims based on a law enforcement officer's use of excessive force, the Fourth Amendment, and "not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Id. Thus, Plaintiff's request for relief pursuant to the Fifth and Fourteenth Amendments guarantees of substantive due process[2] are unnecessary in light of his Fourth Amendment claim.

Not every use of excessive force in making an arrest will state a § 1983 claim. "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat to effect it." Id. at 396 (citation omitted). The proper application of this standard

> requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

---

[2]The Fifth Amendment's guarantee that no person shall be " . . . deprived of life, liberty, or property without due process of law . . . " applies to violations by federal officers: U.S. Const. Amend. V. The Fourteenth Amendment in its relevant part applies substantive due process to the states: " . . . nor shall any state, deprive any person of life, liberty, or property without due process of law . . ." U.S. Const. Amend. XIV.

5

Id. at 396. Plaintiff alleges that LeBorgne and Nelson pepper sprayed him in the face while he was already handcuffed. LeBorgne's original reason for knocking on Plaintiff's door was to respond to a minor complaint. Since the severity of Defendants' alleged actions exceeded what was necessary for the particular situation, Plaintiff's allegations withstand a motion to dismiss. Accordingly, Defendants' motions to dismiss Plaintiff's § 1983 claim is denied.

### B. Qualified Immunity

Defendants argue that they have qualified immunity against Plaintiff's § 1983 claim. Qualified immunity provides an affirmative defense to officials sued in their individual capacity. "Government officials are entitled to qualified immunity for discretionary acts that do 'not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" Goad, 297 F.3d at 501 (quoting Anderson v. Creighton, 483 U.S. 635, 638-39 (1987)); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," so the issue should be resolved at the earliest possible stage in the litigation. Id. at 200-01 (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); Goad, 297 F.3d at 501, 504.

The proper standard to analyze qualified immunity under a Fourth Amendment § 1983 claim is objective reasonableness. See Graham, 490 U.S. at 395. The Supreme Court uses a two-step analysis. See Saucier v. Katz, 533 U.S. 194, 200 (2001). First, the Court asks whether, taken in the light most favorable to the plaintiff, the facts alleged show the officer's conduct violated a constitutional right. Id. at 201. If no constitutional right could have been violated were the allegations proved, then the defendant has established the immunity defense, and no further inquiry is necessary. See id. If a constitutional violation can be shown, the second step is to ask if that constitutional right was clearly established. Id. The "dispositive inquiry in determining whether a

6

right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

Whether Plaintiff's arrest in the instant case is, in fact, objectively reasonable hinges on the constitutional mandate that probable cause must exist. See Adams v. Metiva, 31 F.3d 375 (6th Cir.1994); see also, Henry v. United States, 361 U.S. 98 (1959). In Metiva, the Sixth Circuit reversed summary judgment against a § 1983 Plaintiff who underwent two pat downs and was then sprayed with mace when he did not comply with the arresting officer. See Metiva, 31 F.3d 375. The Court held that if "there is no reason to further detain a person, he cannot lawfully be detained against his will." Id. The Court reasoned, "if there was no reason to detain plaintiff further, probable cause did not exist to arrest him for attempting to leave or for refusing to lie down and be handcuffed." Id at 383.

Defendants LeBorgne and Nelson contend that their actions were justified by Plaintiff's "strong reaction and aggressive behavior" in responding to a barking dog complaint. Def.'s Mot. to Dismiss ¶ 9. In addition, Plaintiff allegedly continued to be "loud and belligerent" when asked to calm down. Id. Objective reasonableness allows for "the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." Graham, 490 U.S. 396-97. However, as in Metiva, these allowances can only be made, and thus, qualified immunity can be only be granted, if the arrest is predicated on probable cause. Defendants have not made any such assertion of this fundamental justification for Plaintiff's arrest. The facts in and of themselves do not make probable cause self-evident. As a result, Defendants' motion to dismiss on the basis of qualified immunity is denied.

7

## C. Pendent State Law Claim

### 1. Jurisdiction

Since Plaintiff has maintained a cause of action under § 1983, this Court has jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Federal courts have supplemental jurisdiction to hear federal claims accompanied by pendant state law claims. See 28 U.S.C. § 1367. 28 U.S.C. § 1367 states in relevant part:

> ". . . [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . ."

28 U.S.C. § 1367(a). Defendant City of Memphis contends that the Tennessee Governmental Tort Liability Act or GTLA give Tennessee courts "exclusive original jurisdiction" over any actions brought thereunder. Tenn.Code Ann. § 29-20-307. However, Plaintiff has sufficiently pled that he suffered a deprivation of his constitutional rights to withstand a motion to dismiss. See Scheid, 859 F.2d at 436.

Since the same chain of events provides the basis for both Plaintiff's § 1983 and his GTLA claims, this Court maintains original jurisdiction of his federal claim and supplemental jurisdiction for his state law claim.

### 2. Immunity

The GTLA waives immunity for an injury proximately caused by a negligent act or omission of a governmental employee. See Tenn. Code Ann. § 29-20-205. Section 29-20-205 of the Tennessee Code Annotated. states in relevant part:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;

8

> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights. . . ."

Tenn. Code Ann. § 29-20-205 (1-2). In addition to negligent acts, the Supreme Court of Tennessee strictly construed this statute to retain liability for intentional torts not specifically enumerated in the GTLA. See Limbaugh v. Coffee Medical Center, 59 S.W.3d 73 (Tenn. 2001). This liability is premised upon a planning-operational test that looks to the "nature of the conduct" rather than "the status of the actor." Id at 85 citing Bowers v. City of Chattanooga, 826 S.W.2d 427, 430-31 (Tenn. 1992). Decisions that are discretionary "reflect a course of conduct that was determined after consideration or debate by those in charge of formulating plans or policies" and thus are not subject to liability. Id. In contrast, an unreasonable operational decision will not be immune if an employee "pursues a course of conduct that violates mandatory regulation . . . because the action would be contrary to the entity's established policy." Id.

Defendant City of Memphis argues that Plaintiff lacks merit in his claim of negligence in training and supervision since it is based on a discretionary policy protected by the GTLA. Defendants LeBorgne and Nelson also raise GTLA immunity, asserting that their actions to subdue Plaintiff were reasonable under the circumstances. In contention, Plaintiff avers that Defendants LeBorgne's and Nelson's use of pepper spray after he was already handcuffed was so negligent that it resulted in the deprivation of his constitutional rights. "Although [a] grant of authority may make certain conduct lawful that would otherwise be a tort, it does not make all conduct, no matter how unreasonable, lawful." Alexander v. Beale Street Blues Company, Inc., 108 F. Supp.2d 934, 946 (1999). Plaintiff's claim squares on the reasonableness of LeBorgne's and Nelson's conduct on September 7, 2003, rather than internal

9

decision-making. This distinction sufficiently bars immunity for the City of Memphis and LeBorgne and Nelson. Therefore their motions to dismiss on the basis of GTLA immunity are denied.

### 3. Assault and Battery

A claim for assault and battery requires "willful and intentional" striking or offensive touching on the part of the defendant. Scarborough v. Brown Group, Inc., 935 F.Supp. 954, 963 (W.D. Tenn. 1996) (citing Kite v. Hamblen, 241 S.W.2d 601, 603 (Tenn. 1951)). Plaintiff alleged that such an offensive touching was committed by LeBorgne and Nelson when they forcibly arrested him and sprayed pepper spray in his eyes and mouth. Defendant City of Memphis cites Limbaugh in stating that LeBorgne's and Nelson's conduct was not "reasonably foreseeable." See Limbaugh, 59 S.W.3d at 80. In Limbaugh, the Court based its reasoning on basic tort principles in finding GTLA liability for a nursing home that breached a duty of care to a resident. Id at 79-81. In the instant case, the proper determination of reasonableness under the circumstances falls under Fourth Amendment jurisprudence discussed *supra*. Defendants have not asserted that there was probable cause to make the arrest in the first place. In absence of this, LeBorgne's and Nelson's conduct subsequent to the arrest could be foreseen to be unreasonable. As a result, Defendant City of Memphis' motion to dismiss Plaintiff's assault and battery claim is denied.

### D. Punitive Damages

Defendant City of Memphis maintains that Plaintiff cannot recover punitive damages against the City. In City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), the United States Supreme Court held that a plaintiff could not recover punitive damages against a municipality in a § 1983 action. Id. at 271. Defendant City of Memphis also claims that Plaintiff can not recover punitive damages for his state law claim of assault and battery. Generally, public policy adheres against punitive damages awards in state law claims, although the GTLA does not expressly prohibit them. See Tipton County

Bd. of Educ. v. Dennis, 561 S.W.2d 148, 153 (Tenn. 1978). Although the Court in Tipton barred punitive damages for "a public body's involvement in a negligent action", it declined to extend this reasoning in the instance of an intentional tort. Id. Accordingly, Defendant's motion to dismiss Plaintiffs' claim for punitive damages for the § 1983 claim is granted. Defendant's motion to dismiss Plaintiff's claim for punitive damages for the state law claim is denied.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** Defendants' motion to dismiss as to punitive damages for Plaintiff's § 1983 claim and **DENIES** Defendants' motion to dismiss as to Plaintiff's § 1983 claim, assault and battery, and punitive damages for Plaintiff's state law claim.

**IT IS SO ORDERED** this _13th_ day of December, 2005.


BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in case 2:04-CV-02691 was distributed by fax, mail, or direct printing on December 14, 2005 to the parties listed.

---

Barbaralette G. Davis
CITY ATTORNEY'S OFFICE
125 N. Main Street
Ste. 314
Memphis, TN 38103

Carlos B. Hobson
6206 Ashton
Memphis, TN 38134

Tim W. Smith
LAW OFFICE OF TIM W. SMITH
352 Poplar View Lane, E.
Collierville, TN 38017

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Deborah A. Godwin
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT